FILED
APR 1 2 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Nathaniel J. Richardson, Jr., )
)
Plaintiff, )
)
v. ) Civil Action No. 10 0577
)
William K. Suter, Clerk of Court *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION

This matter is before the court on the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application to proceed *in forma pauperis* will be granted and the complaint will be dismissed pursuant to the Court's authority under 28 U.S.C. § 1915A(b).

Alleging that his First Amendment right of access to the courts has been abridged, and that he has been denied due process and equal protection of the laws, the plaintiff asserts in his complaint claims for damages and injunctive relief under 42 U.S.C. §§ 1985(3) & 1986, *see* Compl. at 3 & ¶¶ 134-145, and purports to sue — each in his or her "individual capacity" — the Clerk of the United States Supreme Court, three of his assistants, the Director of the Administrative Office of the United States Courts, two sitting Supreme Court Justices, the United States Attorney General, and a John Doe in the Executive Office of the Solicitor General, *id.* ¶¶ 3-9. The injurious events alleged in the complaint are (1) the refusal by the Clerk and his staff to file the plaintiff's petition for a writ of certiorari, *id.* ¶¶ 15 *et seq.*, and (2) the failure of each of the other named defendants to ensure that the plaintiff's submissions were filed with the Clerk of the United States Supreme Court, *id.* ¶¶ 19 *et seq.*

The plaintiff's claim for damages must be dismissed. Despite the fact that the plaintiff states that he is suing each defendant in his or her "individual capacity," his allegations do not support this position. All the events alleged are unequivocally actions taken in each defendant's

exercise of his or her office, that is, in his or her official capacity. Moreover, the Justices and the Clerk and his staff are immune from this suit for damages because they enjoy judicial immunity, *Sindram v. Suda,* 986 F.2d 1459, 1461 (D.C. Cir. 1993), the damages claims against the members of the federal judiciary will be dismissed for failure to state a claim upon which relief may be granted. Similarly, sovereign immunity bars this suit for damages against the federal executive officials. *Lane v. Pena,* 518 U.S. 187, 192 (1996); *United States v. Mitchell,* 463 U.S. 206, 212 (1983); *FDIC v. Meyer,* 510 U.S. 471, 484-85 (1994). As sovereign immunity is jurisdictional, the damages claims against the federal executive officials will be dismissed for lack of subject matter jurisdiction.

In addition to damages, the plaintiff seeks a "mandatory injunction" ordering the Clerk of the Supreme Court to file certain documents. Compl. at 76. This request will also be denied because, among other things, this Court does not have jurisdiction to issue injunctive relief with respect to the Clerk of the United States Supreme Court, as that would interfere with the Supreme Court's exclusive supervisory authority over its Clerk. *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992) ( per curiam ).

A separate order of dismissal accompanies this memorandum opinion.

Date: April 8, 2010

United States District Judge